■ In the Matter of BEVERLY K., a Child Alleged to be Permanently Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ORIN K. et al., Appellants. [623 NYS2d 649] —Peters, J. Appeal from an order of the Family Court of Tioga County (Callanan, Sr., J.), entered February 11, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Beverly K. a permanently neglected child and terminated respondents' parental rights.

Beverly K., born in 1979, was first placed in protective custody in October 1986 and has remained in the care and custody of petitioner since that date. Within days of her original placement in foster care, a petition was filed against her father, respondent Orin K., alleging that he sexually abused her. A petition was also filed against her mother, respondent Ann Marie K., alleging that she neglected her by failing to protect her from the abuse.

In November 1987, affirmative findings were made on both petitions. Visitation between the father and Beverly was suspended until further disposition. In December 1988, a dispositional hearing was conducted and the child was placed in the care and custody of petitioner wherein petitioner was ordered to make diligent efforts to encourage and strengthen the relationship between Beverly and respondents. The order further required, *inter alia,* that the father attend a sex offender counseling program, that the mother attend a counseling program addressing her culpability in the sexual abuse of her daughter and that both respondents complete a parenting program.

Alleging that diligent efforts were made through the offer of court-ordered parenting and counseling services and that notwithstanding such efforts respondents refused to participate therein for more than one year, petitioner sought a termination of respondents' parental rights. A fact-finding hearing was held on December 2, 1992 with a dispositional hearing held on February 3, 1993. Beverly was found to be permanently neglected and freed for adoption.

On appeal, the father alleges that Family Court erred in determining that petitioner made diligent efforts to encourage and strengthen the parental relationship. The mother contends that Family Court erred in determining that she failed to plan for the return of her child.

We must note initially that our determination of these issues is hampered due to the outright failure by counsel for petitioner to file a brief or communicate its reasons for its failure to do so, despite repeated reminders. Notwithstanding such disregard, we find, after having studied the record, that petitioner established a realistic plan to encourage and strengthen the parental relationship, taking into consideration the denial of the abuse by the father and the limited education of respondents *(see, Matter of Alexander,* 127 AD2d 517). These facts, coupled with the mother's refusal to acknowledge the abuse of Beverly, supports Family Court's

determination that respondents failed to plan for the child's return although physically and financially able to do so.

In so finding, we reject the father's contention that the plan was unrealistic since it required him to attend sexual abuse counseling when he denied that he had committed the abuse. We note that the record reflects that petitioner referred the father to a therapist employed at Family Services of Chemung County, wherein he was advised at intake that the agency accepts clients who are in denial. Although he was offered the opportunity to attend the program, he repeatedly refused. Accordingly, Family Court determined that the father's steadfast refusal to attend counseling, coupled with a refusal to participate in other court-ordered programs, constituted a failure to plan for Beverly's return (*Matter of Travis Lee G.*, 169 AD2d 769; *Matter of David C.*, 162 AD2d 973). As to the mother, her similar refusal to attend court-ordered counseling, coupled with her continued denial of Beverly's sexual abuse by the father, prevented effective rehabilitative services to ensure the child's return to a safe home.

Beverly's future cannot remain in limbo while respondents continue in their refusal to participate in court-ordered services. Accordingly, we find that Family Court correctly determined that the child must be freed for adoption (*see, Matter of Jessica MM.*, 122 AD2d 462, *lv denied* 68 NY2d 612). The order of Family Court is affirmed.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.