◼ In the Matter of JESUS JJ. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESUS KK., Appellant. [649 NYS2d 61] —Casey, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered February 8, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected.

In a prior proceeding pursuant to Family Court Act article

10, respondent's daughter was found to be an abused child, having suffered sexual abuse while in respondent's custody, and respondent's son was found to be neglected (see, Matter of Julissa II., 217 AD2d 743). In this proceeding, respondent's children were found to be permanently neglected based upon respondent's failure to plan for their future (see, Social Services Law § 384-b [7] [a]), and respondent's parental rights were terminated. On appeal, respondent raises issues concerning the sufficiency of the evidence, including the evidence of petitioner's diligent efforts to encourage and strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]).

The issue of petitioner's diligent efforts is a threshold inquiry in this permanent neglect proceeding and petitioner bears the burden of proof on the issue by clear and convincing evidence (see, Matter of Mary S., 182 AD2d 1026, 1027). To satisfy the diligent efforts requirement, petitioner must develop a plan that is realistic and tailored to fit respondent's individual situation (see, Matter of Charlene TT., 217 AD2d 274, 276). Petitioner must provide the assistance necessary for the parents to overcome the particular conditions that separated them from their child (see, Matter of Jessica UU., 174 AD2d 98, 101-102).

It is clear from the record that the plan developed by petitioner included a number of programs and established a number of goals that were realistic and appropriate for respondent's individual situation. It is equally clear from the record that respondent participated in the programs provided by petitioner. The troublesome issue concerns the goal established by petitioner which required respondent to acknowledge that his daughter had been sexually abused and to take responsibility by stating his knowledge of and/or participation in the abuse.

In Matter of Charlene TT. (supra, at 277), this Court concluded that "absent an adjudication, conviction or admission, requiring respondents to admit the father's alleged sexual abuse of Charlene and receive counseling for such abuse simply was not a realistic goal". In this case, however, there is an adjudication that respondent's daughter was sexually abused while in respondent's custody (see, Matter of Julissa II., supra), and the goal established by petitioner was not limited to requiring respondent's admission that he was the abuser. The goal established by petitioner could have been met by respondent's acknowledgement that the sexual abuse had occurred, without an admission that he had actually committed the abuse.

As a custodial parent, respondent's responsibilities included

the protection of his daughter from sexual abuse, regardless of whether he is the actual abuser *(see, Matter of Lauren B.,* 200 AD2d 740, 741). The sexual abuse of the daughter while she was in respondent's custody was the condition that separated respondent from his children. In attempting to provide the assistance necessary for respondent to overcome that condition, petitioner was amply justified in requiring that respondent at least acknowledge that the sexual abuse had occurred. Respondent's acknowledgement that his daughter had been sexually abused while in his custody was necessary for him to gain any sight into his responsibility for the sexual abuse as a custodial parent. In these circumstances, we conclude that the goal was not unrealistic.

Nor is this a case where respondent was not provided with sufficient understandable information or a sufficient realistic opportunity to achieve the goal *(cf., Matter of Jesus JJ.,* 223 AD2d 955). Respondent met with one of petitioner's counselors on numerous occasions and he was repeatedly advised of the importance of his acknowledgement of the sexual abuse. When respondent persisted in his refusal to acknowledge that his daughter had been sexually abused, he was shown evidence of the abuse, including an expert medical opinion. Respondent was also aware that his daughter has been adjudicated an abused child on the basis of sexual abuse while she was in his custody. Nevertheless, respondent continued to deny that his daughter had been sexually abused, claiming instead that the whole matter was the result of a conspiracy among petitioner, the police, the doctors and the Family Court Judge. In these circumstances, petitioner cannot be faulted for not doing more than it did to provide the assistance necessary for respondent to overcome the particular condition that separated him from his children. It was respondent's intractability in refusing to acknowledge the sexual abuse, not any inadequacies in petitioner's plan, that prevented respondent from being united with his children *(see, Matter of Michelle F.,* 222 AD2d 747, 749). We conclude, therefore, that petitioner met its burden of proof on the diligent efforts issue.

Turning to the issue of respondent's failure to plan for the future of his children, it is well settled that in order to adequately plan for the future of a child, a parent must "assume a measure of initiative and responsibility" *(Matter of Jamie M.,* 63 NY2d 388, 393). "At a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home' " *(Matter of Nathaniel T.,* 67 NY2d 838, 840, quoting *Matter of Leon RR,* 48 NY2d 117, 125). Mere

denial of all culpability or responsibility for the conditions is patently insufficient (see, Matter of Sonia H., 177 AD2d 575, 576-577). Token participation in the program offered by the agency, without ameliorating the condition that led to the removal of the child from the parents' home, will not preclude a finding of failure to plan (see, e.g., Matter of S. Children, 210 AD2d 175, 176, lv denied 85 NY2d 807). In applying these principles, this Court has sustained a finding of a parent's failure to plan for the future of her child based upon the parent's refusal to acknowledge that her child had been sexually abused, which prevented effective rehabilitative services to ensure the child's return to a safe home (Matter of Beverly K., 213 AD2d 795). Considering the evidence in the record, we see no reason to reach a different result in this case. We have considered respondent's remaining arguments and find them meritless.

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.