■ In the Matter of JOSEPHINE O. et al., Children Alleged to be Permanently Neglected. CAROL W. WALLACE, as Commissioner of the Greene County Department of Social Services, Respondent; EVELYN O., Appellant. [666 NYS2d 812] —Spain, J. Appeal from an order of Family Court of Greene County (Lalor, J.), entered October 31, 1996, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children permanently neglected, and terminated respondent's parental rights.

On August 8, 1995, a petition was filed with Family Court, pursuant to Social Services Law § 384-b, that alleged that respondent had permanently neglected her two infant daughters (hereinafter the children) for more than one year and failed to plan for their future. The original neglect proceeding was commenced in December 1993 after respondent left the children at about 6:00 P.M. in the charge of four teenage girls, the oldest of whom was 15, who were told by respondent that she would return in half an hour. After 3½ hours had passed and respondent had still not returned, one of the babysitters called the police who summoned the Greene County Department of Social Services (hereinafter DSS). One of the caseworkers who responded found empty beer bottles and cans throughout the apartment, which was also cluttered with dirty laundry, soiled bed clothing, dirty dishes, garbage and dog feces. The caseworkers also determined that there was no edible food in the apartment and that the children, dressed only in their underwear, had not eaten since breakfast. On December 10, 1993, respondent was found, on her admission, to have neglected the children who were placed in the custody of DSS. In the dispositional order respondent was directed, *inter alia*, to submit to drug and alcohol evaluations and to accept any recommended treatment, to attend parenting classes, to work with a parent aide and to restore her apartment to a sanitary and clean condition. After a fact-finding hearing and a dispositional hearing in this permanent neglect proceeding, Family Court terminated respondent's parental rights and committed the children to petitioner with authorization to consent to their adoption. Respondent appeals.

We affirm. Respondent's only challenge to Family Court's determination is that petitioner failed to establish that diligent efforts were undertaken to strengthen and reunite the family.

An agency's diligent efforts is a threshold inquiry in any permanent neglect proceeding and the agency bears the burden of proof by clear and convincing evidence (*see, Matter of Jennie KK.*, 239 AD2d 666, 667, *lv denied* 90 NY2d 807). "To satisfy the diligent efforts requirement, petitioner must develop a plan that is realistic and tailored to fit respondent's individual situation" (*Matter of Jesus JJ.*, 232 AD2d 752, 753, *lv denied* 89 NY2d 809). In our view, the record amply supports Family Court's determination that DSS made diligent efforts to reunite this family.

A supervisor for DSS testified regarding a plan for respondent identifying three obstacles which prevented respondent from being reunited with her children. These obstacles were respondent's lack of suitable housing, poor parenting skills and a substance abuse problem. DSS set goals for respondent to find an apartment of her own, improve her parenting skills and treat her substance abuse problem. To assist respondent in achieving these goals DSS provided parenting skills classes and assigned a parent aide; further, DSS recommended an alcohol and drug evaluation and treatment program to respondent and a social worker assigned to respondent agreed to help her find an apartment. DSS clearly provided a concrete plan which was realistically tailored to meet respondent's situation (*see, Matter of Jesus JJ., supra*; *see also, Matter of Jennie KK., supra*, at 233).

In assessing an agency's efforts, merely developing a plan is not enough; the agency must also arrange for visitation and provide services (*see, Matter of Richard X.*, 226 AD2d 762, 763, *lv denied* 88 NY2d 808). However, "where an agency has embarked upon a diligent course but faces lack of cooperation or indifference, it is nevertheless deemed to have fulfilled its duty" (*id.*, at 763). DSS assigned a caseworker to assist respondent in achieving these goals and the two met weekly as is reflected by the progress notes prepared by the caseworkers who assisted her. Additionally, the progress of the over-all plan was reviewed with her quarterly by DSS staff. The progress notes provide an extensive record of the contact that DSS had with respondent and the tremendous effort expended to connect respondent with the necessary services.

For example, one of respondent's caseworkers gave her the phone numbers of local alcohol and drug programs so that respondent could set up appointments for evaluations. Although respondent indicated that she scheduled an appointment, she failed to keep it and other subsequent appointments. DSS continued to remind respondent of the importance of attending

these programs, contacted programs on respondent's behalf and even gave her a ride to attend at least one evaluation which she never completed. Additionally, DSS took steps to assist respondent in qualifying for Medicaid coverage to provide a means of paying for a substance abuse program.

The plan also called for respondent to develop parenting skills that would allow her to properly maintain a home. This aspect of the plan was particularly important because, as previously noted, one of the allegations in the original neglect petition was respondent's less than adequate housekeeping. To assist respondent in achieving this goal, DSS enrolled her in a parenting class and eventually provided respondent with a parent aide. The parent aide's efforts were unsuccessful largely due to respondent's failure to keep scheduled appointments as evidenced by respondent meeting with her at only seven of 12 scheduled meetings. Moreover, respondent attended only 15 of the required 33 parenting classes.

DSS also made diligent efforts to encourage visitation as evidenced by providing transportation for both respondent and respondent's children for the scheduled visits. Respondent's assertions that DSS was not diligent in helping her to find appropriate housing and employment are unpersuasive. Respondent was able to find a new apartment in April 1994; however, it was soon found to be unsanitary and she was eventually evicted for holding loud parties. As to employment, respondent's failure to address her alcohol abuse coupled with her inability to keep scheduled appointments made it unlikely that, even if she could find a job, she would be able to keep it. Our review of the record leads us to conclude that DSS fulfilled its statutory duty.

The record also demonstrates that respondent failed to plan for her children's future (*see*, Social Services Law § 384-b [7] [c]). DSS established goals for respondent and directed her to the programs necessary to meet these goals. Notable examples of her failure to utilize DSS services are her attendance at only 15 of 33 parenting classes and 7 of 12 scheduled appointments with her parent aide. These failures, together with her refusal to attend the drug and alcohol program as required by the plan, compel the conclusion that respondent did not take the steps necessary to correct the problems that led to the removal of her children (*see, Matter of Nathaniel T.*, 67 NY2d 838, 840). Accordingly, the record amply supports Family Court's decision to terminate her parental rights.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.