■ In the Matter of DAMIEN JJ., and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY JJ., Appellant. [698 NYS2d 792] —Yesawich Jr., J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered August 14, 1998, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children permanently neglected, and terminated respondent's parental rights.

In October 1996, respondent's two sons were voluntarily placed in petitioner's custody by their father. Because respondent was deemed unable to care for her children, they were assigned to foster care and petitioner established a service plan which focused, inter alia, on strengthening the parent-child relationship (increased visitation with the children was required), enhancing her parenting skills and having her participate in

counseling. Because respondent failed to adhere to the plan, notably, respondent stipulated that she missed 33½ of 48 scheduled visitation sessions, petitioner commenced the instant proceeding charging her with permanently neglecting the children and seeking termination of her parental rights. After fact-finding and dispositional hearings, Family Court granted the relief sought by petitioner and this appeal ensued.

We affirm. Respondent's lone contention, that petitioner did not make diligent efforts to strengthen her ties with her children (*see*, Social Services Law § 384-b [7]) is unconvincing. The plan designed by petitioner was realistic and tailored to accommodate respondent's individual situation (*see, e.g., Matter of Jesus JJ.*, 232 AD2d 752, 753, *lv denied* 89 NY2d 809), as it established for respondent regular supervised and unsupervised visitation with the children, and mandated that she undergo psychological evaluation and counseling and attend parenting classes.

Petitioner also provided respondent with significant assistance in complying with this plan (*see, Matter of Josephine O.*, 245 AD2d 900, 901-902, *lv denied* 91 NY2d 814). To that end, petitioner scheduled respondent's visitation, including monthly visits while she was incarcerated, and recommended and arranged for mental health services as well as other programs. In short, it is apparent from this record that petitioner made "affirmative, repeated, and meaningful efforts" to foster the parent-child relationship (*Matter of Sheila G.*, 61 NY2d 368, 385).

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.