■ In the Matter of ELIJAH F., a Child Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MIRIAM F., Appellant. [720 NYS2d 246] —Rose, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered March 15, 2000, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Elijah F. a permanently neglected child.

Respondent gave birth to Elijah F. (hereinafter the child) in April 1996. With respondent's consent, petitioner took custody of the child on December 21, 1996, when respondent was admitted to the hospital for nine days as a result of a condition eventually diagnosed as paranoid schizophrenia. The child was adjudicated to be neglected by respondent's readmission on June 18, 1997, and the initial one-year placement with petitioner was thereafter extended by stipulation for an additional year. In April 1999, petitioner commenced this permanent neglect proceeding alleging that respondent had made no progress in securing a safe, stable home environment for the child or in otherwise planning for the child's future. After a fact-finding hearing, Family Court concluded that respondent had permanently neglected the child. Following a dispositional hearing, the court transferred custody and guardian rights over the child to petitioner, but suspended its judgment until February 24, 2001 after specifying conditions to be met by respondent.

Respondent now appeals, contending that the case plan pursued by petitioner and reviewed by Family Court was neither realistic nor feasible. As described by the caseworker at the hearing, the case plan called for respondent to (1) treat her mental illness and create an emergency plan for the child in case she relapsed again, and (2) attend to the child's special needs and provide the services that he required. Family Court concluded that petitioner had made diligent efforts to reunite respondent and her child, and further found that respondent had not complied with the case plan due to her lack of insight into her illness, her failure to take prescribed medication and

the absence of an effective plan to provide care for her child when she is unable to do so.

Initially, we find no merit to respondent's contention that petitioner did not make "diligent efforts" to reunite respondent and the child (*see*, Social Services Law § 384-b). The record here confirms that caseworkers for petitioner began interviewing respondent and developing a service plan for her in January 1997. Although petitioner tried to coordinate respondent's treatment with the hospital, the Catholic Charities Flex Team and other medical providers, these efforts were repeatedly thwarted by respondent's denial of her mental illness and refusal to take prescribed medication. Petitioner's caseworkers spoke with respondent about proper parenting skills, caring for a special needs child and nutrition, pushing her to attend classes in each of these areas. Based on a full review of this record, we conclude that Family Court did not err in finding that petitioner had made diligent efforts to reunite respondent and the child.

Turning next to the issue of respondent's alleged failure to plan for the future of her child, we note that it was her duty "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent. The plan must be realistic and feasible, and good faith effort shall not, of itself, be determinative" (Social Services Law § 384-b [7] [c]). When determining whether a parent has adequately planned for his or her child's future, "the court may consider the failure of the parent to utilize medical, psychiatric, psychological and other social and rehabilitative services and material resources made available to such parent" (*id.*). A parent's failure to make sufficient progress in addressing his or her mental illness can result in a finding that the parent has failed to make an adequate plan, supporting a finding of permanent neglect (*see, Matter of Society for Seamen's Children v Shirley L.*, 224 AD2d 626, 627).

The testimony demonstrated that this special needs child suffers from brain damage, seizures, impaired vision and speech, learning disabilities and "emotional problems," while respondent was often unable to provide for these needs due to her denial of her mental illness and the incapacity imposed by relapses of her condition. Although she admitted that she was "acting strange" in December 1996, she denied that this behavior resulted from her schizophrenia and denied that she was given any medication while in the hospital. Respondent's relapse in late January 1999 resulted in an additional three

weeks in the hospital, during which she again refused medication and stated that she did not think that she needed to be there. As to respondent's contingency plan in the event of a relapse, her caseworker testified that respondent had not informed her cousin, whom she had listed as the emergency contact to care for the child, that she had relapsed because she did not think her cousin should know of her hospitalization. Given this evidence and respondent's well-documented history of denying her mental illness and refusing medication while hospitalized for relapses, Family Court properly concluded that she had failed to make an adequate plan for the future of the child.

Finally, we are unpersuaded by respondent's claim that Family Court based its decision on her status as a paranoid schizophrenic, rather than on whether she had sufficiently planned for the child's future. Social Services Law § 384-b contemplates the successful return of children to mentally ill parents under certain conditions and with the support of agencies like petitioner, but a fundamental requirement of this system is that those parents "take steps to correct the conditions that led to the removal of the child from their home" (*Matter of Leon RR.*, 48 NY2d 117, 125). In this case, respondent's failure to recognize her schizophrenia, to seek meaningful treatment and to adequately plan for the child's care and safety when relapses occur supports Family Court's decision.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.