In the Matter of ALDIN H. and Another, Children Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE H., Appellant. [833 NYS2d 709]—

Crew III, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered May 26, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent, the biological mother of two children (born in 1998 and 1999), first came to petitioner's attention in September 2002 when petitioner received a hotline report that respondent's children were found outside their home unattended. The report was indicated and respondent was offered various services, which she refused. Petitioner received a second hotline report in December 2002, and a subsequent assessment of respondent's home revealed, in addition to generally unsanitary conditions, a razor and open containers of alcohol within reach of the children. Following this incident, respondent consented to the children being placed with their paternal grandmother, and petitioner again offered respondent certain services, including parenting classes, drug and alcohol counseling and transportation.

In March 2003, when the grandmother no longer could care for the children, the children were placed in petitioner's custody and a neglect petition was filed against respondent and the children's father* based upon, among other things, the unsanitary condition of the home, inadequate guardianship and drug and alcohol issues. Respondent consented to a finding of neglect and, in accordance with the terms and conditions imposed, respondent was to, among other things, attend parenting classes, undergo mental health and drug and alcohol evaluations,

---

* The father ultimately surrendered his parental rights in November 2004 and is not a party to this appeal.

maintain public assistance and provide a safe and stable environment for her children. Petitioner again made the necessary arrangements to provide and facilitate these services.

On three occasions between November 2004 and September 2005, respondent, based upon her admissions in open court, was found to have violated the terms and conditions previously imposed by failing to, among other things, apply for, enroll in or complete the required services and, on each of those occasions, Family Court granted extensions of placement in order to give respondent additional time within which to comply. Ultimately, petitioner commenced the instant permanent neglect proceeding, alleging that respondent failed to substantially and continuously plan for her children's future despite petitioner's repeated efforts to strengthen and encourage the family relationship. At the conclusion of the hearings that followed, Family Court adjudicated respondent's children to be permanently neglected and terminated respondent's parental rights. This appeal by respondent ensued.

Respondent initially contends that petitioner failed to fulfill its statutory obligation to exercise diligent efforts to strengthen and encourage the parent-child relationship (see Social Services Law § 384-b [7] [a]). We cannot agree. Even a cursory review of the record reveals that petitioner consistently and repeatedly offered respondent a variety of services aimed at ameliorating the very problems preventing the return of her children to her, including parenting classes, individual and family counseling, referrals for drug and alcohol evaluations and counseling, guidance on applying for public assistance and Medicaid, visitations with her children and transportation assistance to facilitate respondent's participation in such services, including bus passes, tokens and tickets, cab fare and gas vouchers. Such efforts are, in our view, more than sufficient to discharge petitioner's obligation in this regard (see Matter of Thomas JJ., 20 AD3d 708, 709-710 [2005]).

As to the finding of permanent neglect, the record makes plain that respondent, despite being afforded ample opportunity to do so, failed to avail herself of most of the services provided by petitioner. Although respondent did complete three programs, petitioner's caseworker testified that respondent did not maintain consistent employment or, in its absence, consistent public assistance, that she failed to follow through with housing referrals, that she did not complete counseling to address either her mental health or drug and alcohol issues and that she exercised only approximately one half of the visitations offered with her children. In short, inasmuch as respondent failed to

utilize the medical, psychological, social and other rehabilitative services offered by petitioner and, in so doing, failed to address the obstacles preventing the children's return to her, we cannot say that Family Court erred in finding the children to be permanently neglected.

We reach a similar conclusion regarding Family Court's decision to terminate respondent's parental rights. The record clearly demonstrates respondent's unwillingness or inability to provide a stable home for her children and, such proof, coupled with her documented failure to abide by the terms and conditions set for reunification, fully supports Family Court's decision to terminate respondent's parental rights.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.