In the Matter of Isaiah F., a Child Alleged to be Permanently Neglected. Cortland County Department of Social Services, Respondent; Virginia F., Appellant. (Proceeding No. 1.) In the Matter of Cellia F., a Child Alleged to be Permanently Neglected. Cortland County Department of Social Services, Respondent; Virginia F., Appellant. (Proceeding No. 2.) [—NYS2d —]—

Peters, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered December 3, 2007, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In May 2007, these permanent neglect proceedings were commenced against respondent regarding two of her children, Isaiah F. (born in 2002) and Cellia F. (born in 2004).[1] After a fact-finding hearing, Family Court adjudicated the children to be permanently neglected and, following a dispositional hearing, respondent's parental rights were terminated. Respondent appeals.

We reject respondent's assertion that petitioner failed to make diligent efforts to reunite her with her children as required by Social Services Law § 384-b (7) (a) (*see Matter of George M.*, 48 AD3d 926, 927 [2008]; *Matter of Raena O.*, 31 AD3d 946, 947

---

1. In a separate decision, this Court affirms an order terminating the father's parental rights based on abandonment (*Matter of Isaiah F.*, 55 AD3d 1012 [2008] [decided herewith]).

[2006]). Evidence presented at the fact-finding hearing proved that petitioner made "affirmative, repeated and meaningful efforts to restore the parent-child relationship" (*Matter of Alycia P.*, 24 AD3d 1119, 1120 [2005]; *accord Matter of Raena O.*, 31 AD3d at 947). Petitioner provided a number of services to respondent, including parent educators to teach her parenting and housekeeping skills, caseworkers to support the family, subsidized housing, supervised visitation, referrals for mental health counseling, substance abuse evaluations and counseling, employment counseling and training, therapy referrals for the children, transportation assistance and transportation of the children to visitation. Thus, petitioner met its initial burden of proving diligent efforts to support the family relationship, despite respondent's failure to avail herself of all the services offered (*see Matter of Aldin H.*, 39 AD3d 914, 915-916 [2007]; *Matter of Thomas JJ.*, 20 AD3d 708, 710 [2005]).

Respondent further contends that petitioner failed to establish by clear and convincing evidence that she permanently neglected her children. As petitioner has demonstrated that it made diligent efforts to support the family relationship, it became respondent's obligation to show that her problems had been addressed and that she had a meaningful plan for the children's future (*see* Social Services Law § 384-b [7] [a]; *Matter of George M.*, 48 AD3d at 927; *Matter of James X.*, 37 AD3d 1003, 1006 [2007]). The evidence revealed that respondent failed to address the problems which led to the children's initial removal. Isaiah and Cellia were first adjudicated neglected and removed from respondent's home in July 2005. They were returned thereafter but, due to respondent's violation of court orders, they were again removed from October 2005 to December 2005 and also in May 2006, after which they remained in foster care for the duration of these proceedings. From July 2005 to May 2007, respondent failed to consistently keep her home in a hazard-free state, including leaving broken glass and drain cleaner accessible to the children. Moreover, despite Isaiah's severe dental problems due to decayed teeth, which were assertively being addressed by his foster parents, respondent gave him soda during visitation and did not consider this practice problematic. This conduct was indicative of her inconsistency in addressing the children's medical and dental needs. Respondent herself had been diagnosed with major depressive disorder and alcohol dependency, yet repeatedly failed to complete mental health and substance abuse counseling in violation of multiple Family Court orders.

To her credit, for a brief period in early 2007, she was largely

in compliance with court orders and attended mental health and substance abuse counseling. Thus, she was granted semi-unsupervised visitation in her home. However, during her first unsupervised visit, respondent gave one of her own prescription narcotic pain killers to her older daughter, who is not a subject of this proceeding, because the child complained of a migraine headache. Respondent informed caseworkers that she did not understand why she should not have given her medication to the child despite being aware of the fact that her daughter had been prescribed medication by a physician. This incident resulted in an indicated report to the State Central Registry. Shortly thereafter, during another unsupervised visit, respondent left Cellia alone in a bathtub upstairs for several minutes while she answered the door. Another indicated report resulted. Thus, as the evidence revealed that respondent failed to correct the conditions which led to the children's removal and failed to address her substance abuse and mental health problems, Family Court properly found that she had failed to adequately plan for the subject children's future (see Matter of Aldin H., 39 AD3d at 915-916; Matter of Jayde M., 36 AD3d 1168, 1169-1170 [2007], lv denied 8 NY3d 809 [2007]).²

Finally, respondent claims that Family Court should not have terminated her parental rights, but rather should have entered a suspended judgment. We disagree. To be sure, Family Court may suspend judgment in a termination proceeding where it is in the children's best interests to give the parent a second chance to "demonstrate the ability to be a fit parent" (Matter of Angela LL., 287 AD2d 823, 824 [2001]; see Family Ct Act § 631 [b]; § 633; Matter of Jonathan J., 47 AD3d 992, 993 [2008], lv denied 10 NY3d 706 [2008]). The evidence presented at this dispositional hearing, however, did not support such an outcome. Rather, it showed that respondent did not have a stable home or employment and that, because she had been discharged for nonattendance from both substance abuse and mental health counseling, she was no longer eligible to receive public assistance for housing and other services. According appropriate deference to the court's choice of dispositional alternatives (see Matter of James X., 37 AD3d at 1007), we find a sound and substantial basis in the record for Family Court's determination that a suspended judgment was not in these children's best

---

**2.** While Family Court erred when it considered evidence concerning incidents that occurred after the filing of the petition in support of the fact-finding portion of this permanent neglect proceeding, we find it harmless because sufficient admissible facts were evinced at the hearing to support the court's permanent neglect finding.

interests. Given respondent's continuous failure to acknowledge and address the problems that directly affected her fitness as a parent and her inability to provide a stable home for her children, Family Court properly terminated her parental rights (*see Matter of Raine QQ.*, 51 AD3d 1106, 1106-1107 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Aldin H.*, 39 AD3d at 915-916; *Matter of Jayde M.*, 36 AD3d at 1170).

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

 