■ In the Matter of Isaiah F., a Child Alleged to be Abandoned. Cortland County Department of Social Services, Respondent; John F., Appellant. (Proceeding No. 1.) In the Matter of Cellia F., a Child Alleged to be Abandoned. Cortland County Department of Social Services, Respondent; John F., Appellant. (Proceeding No. 2.) [— NYS2d —]—

Peters, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered January 11, 2008, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be abandoned, and terminated respondent's parental rights.

In August 2007, petitioner commenced these termination of parental rights proceedings against respondent regarding two of his children, Isaiah F. (born in 2002) and Cellia F. (born in 2004). Thereafter, Family Court adjudicated the children to be abandoned and terminated respondent's parental rights. Respondent appeals.

A presumption of abandonment is shown when the petitioner proves that, for six months immediately prior to the filing of a termination of parental rights petition, the respondent failed "to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency" (Social Services Law § 384-b [5] [a]; see Social Services Law § 384-b [4] [b]). The respondent may rebut this presumption by showing "an inability to maintain contact" or discouragement by the petitioner (Matter of Kerrianne AA., 1 AD3d 835, 836 [2003], lv denied 1 NY3d 507 [2004]; see Matter of Dennisha Shavon C., 295 AD2d 123, 124 [2002]).

Here, respondent became incarcerated in February 2006, with a possible release date of October 2008 and a maximum release date of February 2010. In June 2006, the children were placed in foster care. Petitioner presented evidence at the fact-finding hearing that respondent did not make any child support payments and did not seek to modify his child support obligation after the children were placed in foster care. Moreover, he did not call or send letters, gifts or birthday cards to the children at the foster parents' home, nor did he seek visitation, contact petitioner regarding the children or send correspondence for the children to petitioner. The caseworker for the children testified that she neither discouraged nor prevented respondent from contacting her.

Countering petitioner's evidence, respondent testified that he wrote to petitioner monthly from 2006 to sometime in 2007, and that he kept in touch with the children by communicating through his wife. Supporting this assertion, his wife testified that respondent sent her many letters and cards which she read to the children during her supervised visitation and then saved. However, respondent did not make copies of the correspondence

he claimed that he sent, nor was his wife able to produce any cards or letters at the hearing. The only documentary evidence presented to support respondent's interest in the children during the relevant period was a letter he wrote to the Law Guardian in June 2007 asking that he be kept "informed of [the children's] progress and care." Notably, his writing of this letter tends to contradict his trial testimony to the effect that he received updates on the children from his wife.

Without credible evidence of any communication with the children and petitioner, respondent's proffer was insufficient to rebut petitioner's proof that he did not contact the children or petitioner during the statutory period. Thus, Family Court properly found the testimony of both respondent and his wife to be incredible in light of the contradictory and credible testimony offered by petitioner's staff that there was no record of any letter from respondent until after the petition was filed. Moreover, parent educators who supervised the wife's visitation with the subject children never saw her give anything to the children from respondent and testimony revealed that the children did not mention communications from respondent to their foster parents. Accordingly, we find that Family Court properly determined that petitioner met its burden of proving that respondent abandoned the subject children for the statutory period (*see* Social Services Law § 384-b [3] [g]).

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.