Lynch, J.
 

 Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 14, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject children.
 

 Respondents Roy Bolster (hereinafter the father) and Jessie L. Bolster (hereinafter the mother) are the parents of two children (born in 2005 and 2008). In May 2016, while the mother and the father were incarcerated, Family Court granted temporary custody of the children to respondent Cindy L. Wal-ley (hereinafter the paternal grandmother) in response to her petition for custody.
 
 *
 
 In June 2016, petitioner (hereinafter the maternal grandmother) filed a petition for custody, and Family Court ordered a Family Ct Act § 1034 investigation. During this time frame, the mother and the father were released from jail and, after being evicted from their apartment, moved in with the paternal grandmother, who then filed a second petition for custody. The Broome County Department of Social Services (hereinafter DSS) issued an investigation report on July 27, 2016 that was indicated against the mother and the father for lack of medical care, inadequate guardianship and lack of supervision of the children, but ultimately closed the case.
 

 After the paternal grandmother withdrew her petition for custody, the matter proceeded to trial in August 2016 on the maternal grandmother’s petition. Following the close of proof and a Lincoln hearing with each child, Family Court dismissed the paternal grandmother’s petition, granted the maternal grandmother’s petition and awarded her sole legal custody of the children, with visitation to the mother and the father. The mother and the father have each appealed.
 

 “Under settled law, a parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances, and the nonparent bears the heavy burden of establishing extraordinary circumstances to overcome the [parent’s] superior right to custody” (Matter of Liz WW. v Shakeria XX., 128 AD3d 1118, 1120 [2015] [internal quotation marks and citations omitted], lv dismissed 25 NY3d 1195 [2015]). Pertinent factors to consider include the quality of the children’s relationship with the parents and the nonparent, whether the children have lived with the nonparent for any length of time and any neglect by the parents (see Matter of Lina Y. v Audra Z., 132 AD3d 1086, 1087 [2015]; Matter of Battisti v Battisti, 121 AD3d 1196, 1197 [2014]). A finding of extraordinary circumstances is a threshold issue that, once met, then requires the court to reach the issue of the children’s best interests (see Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [2015]).
 

 Family Court did not expressly make a finding of extraordinary circumstances, but concluded that “the parents have an unstable existence” and did not consistently meet the children’s basic needs. Pointedly, the court raised concerns as to the paternal grandmother’s home due to the presence of “a registered sex offender and another male whose presence around children is questionable” (emphasis added). Family Court concluded that the mother and the father have “questionable judgment in permitting undesirables to spend time with the children” (emphasis added).
 

 While we accord considerable deference to Family Court’s credibility assessments and factual findings on appeal, we conclude from our review of the trial testimony, without factoring in the Lincoln hearing, that petitioner failed to meet her threshold burden of establishing extraordinary circumstances. The record indicates that the mother and the father were only briefly incarcerated, during which time the children resided with the paternal grandmother—not the maternal grandmother. Upon their release, the mother and the father soon moved into the paternal grandmother’s home and the father obtained full-time employment—a sequence that does not establish an extended disruption of the mother and the father’s custody (see Domestic Relations Law § 72 [2] [a], [b]; Matter of Suarez v Williams, 26 NY3d 440, 448 [2015]). Moreover, while DSS made a finding of neglect, a DSS representative informed Family Court during a July 14, 2016 appearance that DSS did not have any ongoing child protective concerns. In doing so, DSS recognized that the father’s brother, a level one sex offender, lived in the paternal grandmother’s home. There is no evidence that the brother ever mistreated the children (see Matter of Cornell v Cornell, 290 AD2d 735, 736-737 [2002], appeal dismissed 98 NY2d 672 [2002]). The father testified that he trusts his brother to be around the children, but would not and does not leave the children alone with him. The mother is not employed and is at home with the children.
 

 As for the maternal grandmother, the record shows that she has never spent more than a couple of hours with the children and would only see them a few times each year. The maternal grandmother testified that she could provide a better home environment for the children and questioned whether the mother and the father were providing appropriate food, clothing and medical care for them. The maternal grandmother further explained that her limited contact was due to a strained relationship with the mother. The mother and the father acknowledged receiving some financial assistance from the maternal grandmother, but otherwise refuted her assertions as to the sustenance and medical care provided to the children. In our view, the mother and the father have their shortcomings, but the trial testimony alone does not support a finding of persistent neglect, unfitness or other extraordinary circumstances. That the maternal grandmother may be in a position to provide a more stable home environment is simply not the governing standard.
 

 Family Court’s decision, however, raises an additional concern. Specifically, the court’s reference to “another male whose presence around children is questionable”—a person that the court then characterized as an undesirable—is not based on any testimony during the trial. As explained by the Court of Appeals in Matter of Lincoln v Lincoln (24 NY2d 270 [1969]), any new information adverse to the parents derived during a Lincoln hearing may not be considered by the court “without in some way checking on its accuracy during the course of the open hearing” (id. at 273; see Matter of Christine TT. v Dino UU., 143 AD3d 1065, 1068 [2016]). Under the circumstances presented, we conclude that the matter must be remitted to Family Court for further proceedings to address the circumstances concerning the other male in the paternal grandmother’s home and to determine whether or not there has been a showing of extraordinary circumstances based on the totality of the evidence and, if so, what disposition is in the best interests of the children.
 

 McCarthy, J.P., Rose, Clark and Pritzker, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner’s application; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.
 

 *
 

 It is unclear from the record exactly when the mother and the father were incarcerated.