Matter of Perry v Perry (2018 NY Slip Op 02513)





Matter of Perry v Perry


2018 NY Slip Op 02513


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

524031

[*1]In the Matter of SUSAN M. PERRY, Respondent,
v
SAMANTHA L. PERRY, Appellant, and JUSTIN BRADLEY, Respondent. (And Two Other Related Proceedings.)

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Jehed Diamond, Delhi, for Susan M. Perry, respondent.
Jacob Vredenburgh, Wynantskill, for Justin Bradley, respondent.
Nicholas J. Tuttle, Vestal, attorney for the child.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Delaware County (Northrup, J.), entered November 1, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject
child.
Respondent Samantha L. Perry (hereinafter the mother) and respondent Justin Bradley (hereinafter the father) are the parents of a child (born in 2012). The mother cared for the child after her relationship with the father ended, with the two moving frequently between Tennessee and New York. In March 2015, the child came to New York to stay with petitioner, the child's maternal grandmother (hereinafter the grandmother), so the mother could settle into a new apartment in Tennessee. The father obtained custody of the child on an emergency basis, but the custodial situation apparently became unsettled. As is relevant here, the grandmother, the mother [*2]and the father all filed for custody.
A temporary custodial arrangement was established by a December 2015 order that awarded the grandmother, the mother and the father joint legal custody of the child, placed the child with the grandmother and granted the mother and the father parenting time. A combined hearing was conducted on the petitions and, upon the father's default, his custody petition was dismissed. Family Court ultimately determined that the grandmother had established extraordinary circumstances and that the best interests of the child lie in awarding her custody, with the mother to have agreed-upon parenting time. The mother now appeals and challenges the finding of extraordinary circumstances as to her.[FN1]
We affirm. A parent has a claim of custody to his or her child that is superior to that of all others in the absence of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; see Matter of Christy T. v Diana T., 156 AD3d 1159, 1160 [2017]; Matter of Connie VV. v Cheryl XX., 156 AD3d 1147, 1148 [2017]). There was no prior finding of extraordinary circumstances, making it the responsibility of the grandmother, the nonparent, to initially demonstrate the existence thereof in order for Family Court to consider whether the best interests of the child warranted an award of physical placement to her (see Matter of Christy T. v Diana T., 156 AD3d at 1161; Matter of Connie VV. v Cheryl XX., 156 AD3d at 1148). In considering whether extraordinary circumstances exist, relevant factors include the quality of the child's relationship with the parents and the nonparent, the length of time the child has lived with the nonparent and any neglect on the part of the parents (see Matter of Shaver v Bolster, 155 AD3d 1368, 1369 [2017]; Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1304 [2017]).
The record reflects that the mother and the father lived together with the child for the first few months of her life, during which time the grandmother saw the child often. The mother moved to Tennessee with the child after splitting up with the father and has since bounced between residences in New York and Tennessee that included stints with the grandmother and other relatives. Beyond these moves, the mother embarked upon a procession of relationships with male companions. Frequent moves and ill-advised romantic interludes are not, by themselves, "sufficient to render [the mother] an unfit parent" (Matter of Darrow v Darrow, 106 AD3d 1388, 1392 [2013]). That being said, the child was exposed to substance abuse and domestic violence as a result of those romantic relationships, and the mother allowed one of her companions to babysit the child despite having been warned that he was a registered sex offender. The mother further knew that the child would develop speech difficulties but took no action to address them when they began to appear, leaving it to the grandmother to do so. Moreover, the mother was unemployed for much of 2015, made no effort to visit the child during that period and had no knowledge about basics of the child's care, such as the name of her day care provider. The mother evinced no insight into the negative impacts that her behavior could [*3]or did have upon the child, testifying that her only "poor judgment was allowing [the grandmother] to" care for the child to begin with.
In our view, the foregoing reflects an "overall pattern [by the mother] of placing her own interests and personal relationships ahead of" the child in a manner that constituted extraordinary circumstances (Matter of Darrow v Darrow, 106 AD3d at 1392; see Matter of Durgala v Batrony, 154 AD3d 1115, 1117 [2017]). Family Court credited this proof and, deferring to that determination, we discern a sound and substantial basis for Family Court's finding that the grandmother met her burden of demonstrating extraordinary circumstances (see Matter of Curless v McLarney, 125 AD3d 1193, 1197 [2015]; Matter of Darrow v Darrow, 106 AD3d at 1392; Matter of VanDee v Bean, 66 AD3d 1253, 1255 [2009]).
Garry, P.J., McCarthy, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Inasmuch as the father failed to take an appeal from the order, his challenge to the finding of extraordinary circumstances with respect to him is not properly before us (see Hecht v City of New York, 60 NY2d 57, 61-62 [1983]; Matter of Sanders v Slater, 53 AD3d 716, 717 n [2008]). An appeal by the father would, in any event, have been of dubious viability given his default (see Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [2011], lv denied 16 NY3d 711 [2011]; Matter of Kondratyeva v Yapi, 13 AD3d 376, 376-377 [2004]).