■ In the Matter of Ashley E. and Another, Children Alleged to be Permanently Neglected. Tioga County Department of Social Services, Respondent; Melinda E., Appellant. [706 NYS2d 223] —Mugglin, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered December 1, 1998, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent was accused by petitioner in February 1996 of neglecting her two children. Although the children had been temporarily removed to avoid imminent danger, Family Court returned custody of the children to respondent pending further hearings. As a result of a fact-finding hearing, the children were adjudicated neglected children and a temporary order of protection was issued ordering respondent to refrain from administering corporal punishment of any kind in any manner. Prior to the scheduled dispositional hearing, petitioner filed a petition alleging a violation of the temporary order of protection. Following a fact-finding hearing on that petition, the children were found to be in imminent danger and placed in the temporary custody of petitioner pending the underlying dispositional hearing.

As a result of the dispositional hearing on June 5, 1996, the children were placed with petitioner for a period of one year. The dispositional order, dated July 3, 1996, required respondent, inter alia, to complete a mental health evaluation and follow through with any recommendations made, to cooperate with and participate in a parenting program and demonstrate

an understanding of an ability to apply the principles of the program, and to maintain regular visitation with the children. On agreement of respondent, by order dated September 2, 1997, the order of placement was extended. In addition, this order required respondent, *inter alia*, to enroll in and participate in counseling with an appropriate agency, to seek assistance in dealing with unresolved childhood anger and battered women's syndrome problems, and to cooperate and participate in the alternatives to violence program to the satisfaction of the instructor.

In February 1998, petitioner commenced this proceeding alleging that respondent had failed for a period of more than one year to plan for the future of the children although physically and financially able to do so. As a result of a fact-finding hearing, Family Court determined that despite diligent attempts by petitioner to encourage and strengthen the parental relationship, respondent had failed to adequately prepare for the return of her children and that the children had been permanently neglected. At a dispositional hearing in July 1998, Family Court found that it was in the children's best interests to terminate "[respondent's] parental rights" and an order to this effect was entered, resulting in this appeal.

Respondent contends that petitioner did not make diligent efforts to encourage and strengthen the parental relationship and that Family Court erred in finding that she had failed to plan for the return of her children. For the reasons that follow, we find respondent's arguments unpersuasive and affirm the order of Family Court terminating her parental rights.

In a proceeding to terminate parental rights, the threshold issue is whether the agency has discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Gregory B.*, 74 NY2d 77, 86). In this case, the order adjudicating the children to be neglected compelled respondent to seek and complete certain discrete services and programs. As a result, petitioner prepared a service plan to assist and insure that respondent complied with every facet of Family Court's order. This service plan included, *inter alia*, a referral for a mental health evaluation and a regular visitation schedule consisting of, at a minimum, biweekly visits with the children, with transportation to be provided by petitioner. Although the record demonstrates that respondent participated in the majority of the services and programs mandated by Family Court, it also shows that respondent failed to apply fundamental parenting techniques and basic hygienic requirements of parenting, resulting in the

removal by another agency of the remaining children within her household. Respondent's conduct demonstrates an inability to manage her anger and that she improperly precipitated her discharge from a program designed to help her resolve issues of childhood anger and battered women's syndrome.

Based on the foregoing, we are convinced that the record contains clear and convincing evidence showing diligent attempts by petitioner to assist respondent in acquiring those personal and parenting skills necessary to enable her to reunite with her children. Although the diligent course embarked upon by petitioner was frustrated by respondent's inability to apply the personal and parenting skills learned, and to complete necessary counseling regarding childhood anger and battered women's syndrome, petitioner has nevertheless fulfilled its statutory duty (*see, Matter of La'Vetta Danile S.F.*, 194 AD2d 384; *Matter of John ZZ.*, 192 AD2d 761). Here, it is abundantly clear that respondent prefers to point to other conflicts in her life as being the root problem and believes that petitioner's failure to recognize this fact precludes a finding of the necessary diligent efforts to sustain a finding of permanent neglect. Respondent's continual denial of her problems and her failure to apply and complete rehabilitative services intended to address those underlying problems do not detract from the diligent efforts of petitioner made herein (*see, Matter of Crystal Q.*, 173 AD2d 912, *lv denied* 78 NY2d 855).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.