■ In the Matter of JAWAN Y., a Child Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHRYN Y., Appellant. (And Another Related Proceeding.) [716 NYS2d 483] —Mugglin, J. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered April 29, 1999, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of two children, Jawan Y., born in 1992, and Shaquin Z., born in 1996. On February 1, 1996, respondent voluntarily surrendered Shaquin to the custody of petitioner. With respect to Jawan, respondent voluntarily placed him with petitioner on March 31, 1997 as a result of her incarceration. In April 1998, petitioner filed separate petitions seeking to declare the children permanently neglected and to terminate respondent's parental rights. Each petition alleged that petitioner had made diligent efforts to encourage and strengthen the parental relationship by "providing preventive services to the mother and has assisted in arranging visitation for the mother with the child." Further, to support the allegation that respondent failed for a period of more than one year to maintain contact with or plan for the future of her children, petitioner alleged that respondent continued her drug use, failed to participate in substance abuse treatment and unsuccessfully participated in seven substance abuse programs, thereby subjecting herself to potential reincarceration and jeopardizing the future of her children. Following a fact-finding hearing, Family Court concluded that respondent had permanently neglected her children. At a dispositional hearing six months after the fact-finding hearing, Family Court determined that the best interests of the children would be served by terminating respondent's parental rights. Respondent appeals.

We reverse. In a permanent neglect proceeding, before inquiry turns to whether respondent has failed for a period of more than one year to "substantially and continuously or repeatedly * * * maintain contact with or plan for the future of the child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]), a threshold inquiry concerns whether the petitioning agency has discharged its statutory duty to exercise "diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]; *see, Matter of Richard W.,* 265 AD2d 685). In reviewing the threshold issue, to evaluate the overall efforts of the agency, courts should always refer to the statutory guidelines found in Social Services Law § 384-b (7) (f) (*see, Matter of Sheila G.,* 61 NY2d 368, 385). "An agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" (*id.,* at 385). "Thus, when an agency has assisted a parent through meaningful efforts to provide counseling with respect to a problem (psychological, physiological, financial, and the like) that impedes the return

of the child, to assist in the planning for the child's future, to aid in the procurement of housing or employment, and to schedule regular and meaningful visits with the child, it will be found that the agency has satisfied its statutory duty" (*id.*, at 384 [citations omitted]). An agency, however, is not a guarantor of success and if it "has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent * * * [it] nevertheless [is] deemed to have fulfilled its duty" (*id.*, at 385).

With these principles in mind, we turn to the record to determine if petitioner has satisfied its burden with respect to the threshold issue. First, we note that petitioner admits that respondent has always been desirous of being reunited with her children. Moreover, the record reflects that she took and completed courses for college credit while she was incarcerated, with the view of being employable upon release. We next note that petitioner admits that it never formulated a comprehensive plan to assist respondent in regaining custody of the children. Petitioner viewed the primary problem preventing reunification of respondent with her children to be respondent's substance abuse. The record reflects respondent did complete one 28-day treatment program but that she has not successfully completed longer courses, although she has received some substance abuse counseling. Despite petitioner's recognition of this being the primary problem, its sole assistance to respondent in this regard was to advise her that she must complete a substance abuse program.

In our view, this record does not reflect that petitioner was faced with an utterly uncooperative or indifferent parent but one with definite needs and weaknesses where substance abuse is concerned. The record reflects, under these circumstances, that petitioner failed to make affirmative, repeated and meaningful efforts to assist this parent in overcoming her handicaps, or to formulate a comprehensive plan to reunite her with her children. Given this determination, we do not address the subsequent inquiry of whether respondent failed for more than one year to maintain contact with her children or plan for their future.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petitions dismissed.