■ In the Matter of THELONIUS BB. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NORMANDY DD., Appellant. [751 NYS2d 99] —Spain, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered November 20, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Thelonius BB. and Princeton BB. permanently neglected children, and terminated respondent's parental rights.

Two of respondent's children, Thelonius BB. (born in 1997) and Princeton BB. (born in 1998), came into the custody of petitioner in September 1999 pursuant to an order of Family Court arising from a neglect petition filed against respondent. On January 31, 2000, the children were found to have been neglected (*see* Family Ct Act § 1012 [f] [i] [B]) and, based upon a stipulation of the parties, Family Court entered a suspended judgment dispositional order (*see* Family Ct Act § 1053) which, inter alia, placed the children in the custody of petitioner for 12 months.

On June 4, 2001, petitioner filed a petition seeking, among other things, to adjudicate the children to be permanently neglected and to terminate respondent's parental rights. The petition was based upon respondent's alleged failure to complete substance abuse treatment, remain alcohol free, and obtain dependable housing. On September 18, 2001, respondent stipulated to a finding of permanent neglect as to both children. After a dispositional hearing, at which respondent requested a suspended judgment (*see* 22 NYCRR 205.50), Family Court terminated respondent's parental rights. Respondent now ap-

peals asserting that Family Court should have issued a suspended judgment allowing her to participate in the Tompkins County Family Drug Treatment Court.*

Where there has been a finding of permanent neglect, Family Court has three dispositional alternatives: "dismissal of the petition (Family Ct Act § 631 [a]; § 632), suspension of judgment for up to one year (Family Ct Act § 631 [b]; § 633), or the termination of parental rights and the commitment of the custody and guardianship of the child to the agency so that [the child or children] may be adopted (Family Ct Act § 631 [c]; § 634)" (*Matter of Tiffany A.*, 242 AD2d 709, 712). Significantly, "[u]nlike a fact-finding hearing which resolves the issue of permanent neglect and in which the best interests of the child play no part in the court's determination, the court in the dispositional hearing must be concerned only with the best interests of the child. There is no presumption that those interests will be served best by return to the parent" (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148; *see* Family Ct Act §§ 623, 631). A suspended judgment provides a grace period of up to one year during which a parent is given an opportunity to "demonstrate the ability to be a fit parent" (*Matter of Angela LL.*, 287 AD2d 823, 824; *see* Family Ct Act § 633; 22 NYCRR 205.50). "Because Family Court must weigh the evidence presented at trial and assess the credibility of witnesses, its determination of the child's best interests is accorded considerable deference by the reviewing court" (*Matter of Michael V.*, 279 AD2d 668, 669, *lv denied* 96 NY2d 709 [citations omitted]).

Based on the record before us—including proof of respondent's relapses into drug and alcohol abuse in May 2000 and June 2001, her consistent failure to complete long-term residential substance abuse treatment, her failure or inability to seek out treatment to assist her in effectively dealing with her mental health needs and her failure to seek out training in the skills necessary to effectively parent children with special needs—we cannot say that Family Court erred in determining that it is in the best interests of the children to be freed for adoption. Notably, the fact that the children's special needs are being adequately met by the foster parents in a more structured environment than respondent can provide strongly supports Family Court's best interests determination (*see id.* at 669). Moreover, respondent's poor track record after the January 2000 suspended judgment in the disposition of the neglect

---

* Family Drug Treatment Courts are treatment parts in certain Family Courts throughout the state which primarily target the substance abuse problems of respondents in Family Ct Act article 10 proceedings.

proceeding and her continuing inability to complete long-term rehabilitation fully support Family Court's rejection of respondent's request for another chance by way of a suspended judgment in this proceeding. While a suspended judgment and assignment to a treatment court program may be appropriate in some cases, we do not find—on this record—that Family Court erred in denying respondent's request. Accordingly, Family Court's determination should be affirmed.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.