■ In the Matter of PAUL P. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAREN Q., Appellant, et al., Respondent. [760 NYS2d 780] —Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 18, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent Karen Q.'s children to be neglected.

In June 1998, respondent Karen Q. (hereinafter respondent) was found to have neglected her two older children by allowing her paramours to sexually abuse them. At an emergency hearing in June 2001, Family Court directed the removal of her two younger children, Paul (born in 1999) and Alycia (born in 2000), on the ground that her then-husband, a convicted juvenile sex offender, posed a risk to them and refused to leave her home. Petitioner then commenced a neglect proceeding against respondent and her husband, and respondent applied for the return of her younger children. After conducting hearings, Family Court denied respondent's application, found that respondent had neglected the two younger children by, among other things, failing to protect them from unsupervised contact with an untreated sex offender, and granted petitioner's neglect petition. Respondent appeals these findings.

The credible and largely undisputed evidence at the fact-finding hearings established that respondent's husband is an untreated, convicted sex offender, respondent believes her husband did not commit the crimes of which he was convicted, she repeatedly permitted her children to be unsupervised while her husband was present, and she threatened to take the children out of the state to avoid court intervention. Caseworkers who visited respondent's home testified that she continued to deny the risk posed by her husband, who kept a drawing portraying sexual contact between a dog and a child in his possession in the children's home. On cross-examination, respondent confirmed that an ex-husband and two subsequent paramours had sexually abused her two older children approximately three years earlier. This evidence fully supports Family Court's finding that, in light of the older children's abuse and in continuing to expose her younger children to unsupervised contact with her husband, respondent exhibited

an " 'impaired level of parental judgment' which created a substantial risk" of harm (*Matter of Mary S.* , 279 AD2d 896, 898 [2001], quoting *Matter of Kaitlyn R.* , 267 AD2d 894, 897 [1999]; *see Matter of Lisa Z.* , 267 AD2d 800, 804 [1999]).

Respondent's contentions regarding Family Court's failure to appoint counsel for her prior to approving the emergency removal of her children and the denial of her application for the children's return have been considered and found to be without merit.

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.