■ In the Matter of JEREMIAH BB. and Others, Children Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; APRIL BB., Appellant. (And Four Other Related Proceedings.) [783 NYS2d 99]—

Lahtinen, J. Appeals from eight orders of the Family Court of Cortland County (Ames, J.), entered November 14, 2003, November 17, 2003, and November 18, 2003, which granted petitioner's applications, in five proceedings pursuant to Family Ct Act article 10 and Social Services Law § 384-b, to, inter alia, adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Destiny CC. (born in 1996), Thomas BB. (born in 1998), Jeremiah BB. (born in 2000), Nicholas BB. (born in 2001) and Dominique BB. (born in 2002). In 2001, the four children who were then living were found to be neglected based on, among other things, repeated instances of acutely unsanitary and unsafe living conditions, an unexplained skull fracture suffered by Nicholas, domestic violence and alcohol abuse by respondent's spouse, and the young children having often been left unsupervised. The four children eventually were all placed in the same foster home and, after Dominique's birth, she was adjudicated as neglected and placed in the foster home with the other children.

Numerous support programs were provided to respondent, but she failed to complete the programs. She missed visits with her children and did not make meaningful progress in addressing her parenting deficiencies. In 2003, petitioner commenced proceedings alleging permanent neglect and seeking to termi-

nate respondent's parental rights.* Following a fact-finding hearing at which many witnesses testified, Family Court found respondent had permanently neglected her five children. A dispositional hearing concluded with Family Court determining that it was in the best interests of the children to terminate respondent's parental rights and free the children for adoption. Respondent appeals.

The initial issue is whether petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Matthew YY., 274 AD2d 685, 686 [2000]). Respondent's contention that this burden was not met is without merit. Services provided to respondent included parenting skills programs, supervised visits, family counseling, a domestic violence program and mental health counseling. In addition, she was offered assistance for transportation, in seeking housing and maintaining public benefits. When respondent failed to attend programs or missed appointments, she was contacted, encouraged to participate and offered assistance in attending. The record supports Family Court's determination that petitioner made diligent efforts to encourage and strengthen the parent-child relationship.

Next, respondent argues that Family Court erred in determining that she had failed to plan for her children's future (see Matter of Karina U., 299 AD2d 772, 772-773 [2002], lv denied 100 NY2d 501 [2003]; Matter of Keith JJ., 295 AD2d 644, 647 [2002]). We cannot agree. One caseworker who worked with respondent to establish and meet specific goals with regard to her children testified that she failed to meet the goals and began canceling visitation with her children. Another caseworker observed that when respondent attended visitation, she was unable to properly supervise the children without adult assistance. Although respondent initially made some progress in the host of programs provided to assist her in addressing her personal problems and advancing her poor parenting skills, she chose to drop out of the programs well before they were completed. In addition, she continued to deny fundamental problems that had resulted in the original removal of the children from the home, she did not adequately address her significant problem with anger and she did not obtain suitable housing. There is clear and convincing evidence in the record supporting Family Court's

---

* Destiny's father indicated that he was willing to permit her to be adopted and the father of the other four children consented to the termination of his parental rights.

finding that respondent failed to make a good faith effort to realistically plan for the children's future.

Respondent urges that a suspended judgment, rather than termination, was an appropriate remedy. "At a dispositional hearing, Family Court's only concern is the best interest of the child, and there is no presumption that return to a parent is in the child's best interest" (*Matter of Brandon OO.*, 302 AD2d 807, 807 [2003] [citations omitted]; *see Matter of Star Leslie W., supra* at 147-148). Family Court's determination of a child's best interest is accorded deference (*see Matter of Thelonius BB.*, 299 AD2d 775, 776 [2002]). The evidence at the dispositional hearing revealed that, despite being provided extensive programs for about seven years, respondent repeatedly failed to complete the programs. She was in a short-term relationship with a boyfriend living in a trailer inhabited by six people. She continued to miss visitation and missed appointments involving the children. The five children had all been placed with a foster family and that family desired to adopt all the children. The court heard testimony from the potential adoptive family, which it characterized as a "solid" family, as well as from extended family members and caseworkers. The children's Law Guardian favored freeing the children for adoption and the evidence in the record supports Family Court's finding that this action was in the children's best interests.

Nor was there any basis in this record, as urged by respondent, to require posttermination visitation by her with the children (*see Matter of Shane J. v Cortland County Dept. of Social Servs.*, 305 AD2d 751, 751 [2003]; *Matter of Rita VV.*, 209 AD2d 866, 868 [1994], *lv denied* 85 NY2d 811 [1995]; *cf. Matter of Corinthian Marie S.*, 297 AD2d 382, 382 [2002]).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.