■ In the Matter of WILLARD L. and Another, Children Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLARD M., Appellant. [804 NYS2d 455]—

Rose, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered February 3, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Upon findings of neglect based on incidents of domestic violence, drug use and violation of orders of protection, respondent's two children (born in 1998 and 2002) were removed from his care in 2002 and placed in petitioner's custody. In January 2004, petitioner brought this proceeding alleging permanent neglect. Following a hearing, Family Court granted the petition and terminated respondent's parental rights, prompting this appeal.

The threshold inquiry in a permanent neglect proceeding is whether the petitioning agency has exercised "diligent efforts to

encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136, 142 [1984]; *Matter of Alexis X.,* 19 AD3d 759, 761 [2005]; *Matter of Shiann RR.,* 285 AD2d 762, 762-763 [2001]). Here, petitioner provided respondent with many counseling and treatment opportunities, and arranged supervised visitation, including visits at prison and while he was hospitalized. Petitioner's workers were in contact with respondent, had a service plan to move him toward reunification with the children and informed him of the concerns that were preventing the children's return. Respondent was, however, often difficult to contact, uncooperative in face-to-face meetings with the caseworker and unwilling to change his behavior. As the evidence indicates that respondent's failure to benefit from the programs offered was not due to any deficiency in petitioner's plan, the record supports Family Court's finding that petitioner made repeated and meaningful efforts to reunite respondent and his children (*see Matter of Star Leslie W., supra* at 144; *Matter of Keith JJ.* , 295 AD2d 644, 647-648 [2002]).

In this regard, we cannot agree with respondent's contention that the outcome in this case is controlled by our decision in *Matter of Shiann RR. (supra).* There the record showed that the domestic violence which precipitated the child's removal had ceased, the petitioning agency failed to establish that it had provided counseling for the parent's anger issues and the parent suffered from mental health limitations that the agency failed to address. Here, by contrast, respondent was found to have no such handicaps, petitioner provided services addressing his lack of anger control and parenting skills despite his uncooperativeness, but he did not benefit from those services due to his unwillingness to change.

We are similarly unpersuaded by respondent's claim that petitioner did not prove that he failed to plan for the future of his children (*see* Social Services Law § 384-b [7] [a], [c]; Family Ct Act § 614 [1] [d]). As we have observed, the "failure to correct the conditions that led to the removal of the child is interpreted as the failure to plan for the child's future" (*Matter of Karina U.,* 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]; *see Matter of Princess C.,* 279 AD2d 825, 826 [2001]). At the fact-finding hearing, petitioner's caseworker testified that her efforts to discuss respondent's plan for the children never elicited anything more than his desire to have the children returned. Nor did respondent seek further assistance with the issues that he knew were preventing the return of his children. The evidence of respondent's problems with anger

management and domestic violence, and his violation of the requirement that his visitation be supervised, support Family Court's finding that respondent's completion of the mandated classes and treatments was of little benefit because he did not "utilize the tools or lessons learned in those classes in order to successfully plan for the [children's] future" (*Matter of Elijah NN.*, 20 AD3d 728, 730 [2005]). In light of the foregoing and deferring to Family Court's assessment of credibility (*see Matter of Alijah XX.*, 19 AD3d 770, 771 [2005]), we find that respondent was shown not to have adequately planned for the future of his children.

Finally, given the history of domestic violence here, which continued after respondent completed counseling, the multiple violations of orders of protection against respondent, his admitted possession of cocaine, arrests and incarceration, and the successful placement of the children in foster homes with the possibility of adoption, Family Court properly found that termination of respondent's rights was in the best interests of the children (*see Matter of Shane I.*, 300 AD2d 709, 711 [2002]; *Matter of Amanda C.*, 281 AD2d 714, 717 [2001], *lv denied* 96 NY2d 714 [2001]; *Matter of Rita XX.*, 279 AD2d 901, 902-903 [2001]).

We have considered respondent's remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.