■ In the Matter of ALYCIA P. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAREN Q., Appellant. ALBERT AARON, as Law Guardian, Appellant. [807 NYS2d 172]—

Rose, J. Appeals from two orders of the Family Court of Broome County (Connerton, J.), entered October 14, 2004 and February 14, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected and terminated respondent's parental rights.

Respondent is the mother of, among others, two younger children born in 1998 and 2000. In June 2001, upon learning that

respondent had married a convicted, untreated sex offender who was not the children's father, petitioner removed the children from the household. Petitioner then obtained an order adjudicating respondent as having neglected the children and placing them in petitioner's care for a period of 12 months (*Matter of Paul P.*, 306 AD2d 653 [2003]). Thereafter, respondent consented to two 12-month extensions of this placement. In September 2003, petitioner commenced the present permanent neglect proceeding. After extensive hearings, Family Court determined that respondent had permanently neglected her children and terminated her parental rights, but then suspended judgment for 12 months to afford respondent the opportunity to cooperate with petitioner and regain custody of her children. Respondent and the Law Guardian appeal, arguing primarily that petitioner failed to show that it had exercised diligent efforts to reunite respondent with her children.

The threshold inquiry in a permanent neglect proceeding is whether petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Jeremiah BB.*, 11 AD3d 763, 765 [2004]; *Matter of Jawan Y.*, 278 AD2d 540, 541 [2000]). This obligation is fulfilled when the agency makes affirmative, repeated and meaningful efforts to restore the parent-child relationship, but nevertheless faces an utterly uncooperative parent (*see Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). Here, the record confirms that petitioner directly and consistently addressed the issue that caused the children's removal, namely the danger posed by the daily presence of an untreated sex offender in respondent's home. This danger was the dominant concern of both petitioner and Family Court because both knew that respondent had previously placed her older children in similar danger; those children were sexually abused by her paramours and she unreasonably denied the continuing risk posed by her husband to the younger children (*Matter of Paul P, supra* at 653). Besides emphasizing that the children could not be returned until respondent acknowledged the danger posed by her husband and she became a protective ally to them, petitioner also arranged for respondent to attend parenting skills classes, have supervised visitation with her children, paid for her transportation to visitation even when she moved out of Broome County and urged her to undergo an evaluation at the Family and Children's Society Sexual Abuse Project.

Although the service plan goals for respondent included counseling at a mental health clinic, codependency counseling

and counseling at a Crime Victims Assistance Center, the record amply demonstrates that respondent refused to acknowledge her need for counseling and repeatedly refused to cooperate in the services arranged by petitioner (*see Matter of Michelle F.,* 222 AD2d 747, 749 [1995]). In one instance, respondent told her caseworker that she had been treated unfairly by the proposed evaluator at the Sexual Abuse Project and had no desire to work with her. Respondent canceled several appointments at the Sexual Abuse Project, missed numerous visits with her children and effectively thwarted attempts to complete a mental health evaluation by skipping appointments. Further, respondent moved with her husband out of Broome County on two occasions while her children were in petitioner's custody, interrupting the services arranged by petitioner for significant periods of time. Numerous professionals testified as to their experiences with respondent and each emphasized her resistance to therapeutic services.

Given these circumstances, we cannot blame petitioner for respondent's inability to gain insight into her own behavior (*see Matter of Chianti FF.,* 205 AD2d 849, 851 [1994]), and petitioner was not obligated to accommodate respondent's lack of insight by formulating an alternative plan (*see Matter of Michelle F., supra* at 749). We agree with Family Court that there is clear and convincing evidence demonstrating that petitioner exercised diligent efforts to assist respondent, and completion of respondent's service plan was frustrated by her own attitude and behavior (*see Matter of Torrin G.,* 240 AD2d 820, 821 [1997]; *Matter of Kelly G.,* 223 AD2d 878, 879 [1996], *lv denied* 88 NY2d 801 [1996]; *cf. Matter of Alexis X.,* 19 AD3d 759, 761 [2005]).

Finally, contrary to respondent's contention, Family Court's dispositional order imposes requirements upon her which provide an objective measure of her efforts to take responsibility for her children and her past neglect of their safety. By suspending the termination of respondent's parental rights, Family Court gave her yet another chance to acknowledge her past poor choices and benefit from appropriate counseling (*see Matter of James E.,* 17 AD3d 871, 873 [2005]). Accordingly, we find that Family Court adequately balanced the many relevant factors and gave priority to the children's best interests in making its determination. We have considered the Law Guardian's and respondent's remaining contentions, and find them to be without merit.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.