■ In the Matter of RAENA O. and Others, Children Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE U., Appellant. [819 NYS2d 330]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Griffin, J.), entered November 14, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent's four children (born between 1990 and 1997) have not resided with her since 1998, spending virtually all of that time in foster care except for a 14-month period when they lived with their father. A prior effort to terminate respondent's parental rights, brought in 2002, was dismissed based upon petitioner's failure to meet its burden of proof (*see Matter of Raena TT.*, 7 AD3d 936, 937 [2004]). In October 2004, petitioner commenced the instant permanent neglect proceeding alleging that since July 2003, respondent had repeatedly failed to maintain contact with the children and had not planned for their future despite being able to do so. The petition further alleged that diligent efforts had been made to reunite respondent with the children and that it would be in the best interests of the children to grant custody to petitioner so that it could provide permanency for the children through adoption. Following a fact-finding hearing, Family Court issued a detailed written decision in which it concluded that petitioner had established by clear and convincing evidence that respondent permanently neglected her children. A dispositional hearing ensued, the children's Law Guardians advocated for termination of parental rights, Family Court separately interviewed each child in camera and, ultimately, the court concluded that termination was in the children's best interests. Respondent appeals.

Respondent contends that petitioner failed to establish that it made diligent efforts to encourage and strengthen the relationship between her and the children. Such a showing is a threshold requirement in a permanent neglect proceeding (*see Matter of Sheila G.*, 61 NY2d 368, 384 [1984]) and "[t]his obligation is fulfilled when the agency makes affirmative, repeated and meaningful efforts to restore the parent-child relationship" (*Matter of Alycia P.*, 24 AD3d 1119, 1120 [2005]; *see Matter of*

*Willard L.*, 23 AD3d 964, 964-965 [2005], *lv denied* 6 NY3d 708 [2006]). Here, evidence at the hearing established that petitioner made available a variety of services aimed at addressing respondent's parental deficiencies and at restoring the parent-child relationship, including transportation for visitation, classes and counseling sessions, assistance in applying for food stamps, housing, Medicaid and employment, mental health counseling, and supervised visitations. While respondent challenges the credibility of one caseworker asserting that her efforts were not sincere, Family Court found such witness credible and we find no reason to disregard that determination (*see Matter of Alijah XX.*, 19 AD3d 770, 771 [2005]; *Matter of Janique Y.*, 256 AD2d 1053, 1054 [1998]).

The record further supports Family Court's determination that respondent failed to realistically plan for the future of the children (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]). There was evidence that respondent was uncooperative regarding many services offered by petitioner. She rejected petitioner's efforts to help her obtain adequate housing and failed more than once to keep petitioner apprised of her address and phone number. She has moved frequently and refused to allow caseworkers to visit her current residence, which apparently is much too small to house four children. She has not maintained steady employment despite assistance from petitioner in looking for work. The proof presented supports Family Court's determinations that she was unwilling to accept any responsibility for the children's placement and was "fixated on her own needs, desires and feelings."

At the dispositional hearing, the best interests of the children controls and there is no presumption that those interests are best served by formulating a plan to return the children to their parent (*see Matter of Jeremiah BB.*, 11 AD3d 763, 766 [2004]; *Matter of Brandon OO.*, 302 AD2d 807, 807 [2003]). Testimony at the dispositional hearing included, among others, the children's psychologist, and the proof indicated that the children are wary of respondent's conduct when she is not supervised during their visitation. They seek permanency in their lives and have bonded with their foster parents, with whom they have resided most of the time during the last eight years. The foster parents want to adopt the children and this is desired by the children. In light of such facts, together with respondent's failure in recent years to make meaningful progress in key areas, we are unpersuaded by respondent's argument that Family Court erred in terminating her parental rights (*see Matter of Arianna OO.*, 29 AD3d 1117, 1117-1118 [2006]; *Matter of*

*Deborah I.,* 6 AD3d 771, 774 [2004]; *Matter of Karina U.,* 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]).

Cardona, P.J., Mercure, Carpinello and Mugglin , JJ., concur. Ordered that the order is affirmed, without costs.