■ In the Matter of DESSA F. and Another, Children Alleged to be Permanently Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA F., Appellant. [826 NYS2d 502]—

Carpinello, J. Appeal from an order of the Family Court of

Schoharie County (Nichols, J.), entered January 30, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent's children (born in 1993 and 1995) have been in petitioner's custody since November 2001 following allegations of alcohol abuse which rendered her and the children's father (now deceased) incapable of providing adequate supervision for them.[1] The children were thereafter adjudicated neglected in April 2002 and their placement in petitioner's custody continued. In September 2003, a suspended judgment was entered against respondent after she admitted to certain allegations outlined in a permanent neglect petition, including the allegation that she failed to maintain sobriety throughout the children's placement. Pursuant to the terms of the suspended judgment, respondent was to, among other conditions, maintain sobriety and permit petitioner access to her home for random alco-sensor testing.

Prior to the expiration of the suspended judgment, a violation petition was filed seeking termination of respondent's parental rights. The petition alleged that respondent consumed alcohol and refused petitioner access into her home for alco-sensor testing. Following a fact-finding hearing, Family Court found that respondent indeed violated these conditions of the suspended judgment, revoked it and terminated her parental rights. This order was later vacated to permit a dispositional hearing to determine the best interests of the children. Following that hearing, the court found that the children's best interests would be promoted by terminating respondent's parental rights and freeing them for adoption. This appeal ensued.

Respondent argues that, because she showed significant progress in conquering her alcohol addiction as of the dispositional hearing, the decision to terminate her parental rights was an abuse of discretion. We are unpersuaded. While respondent made progress in dealing with her dependency in the months preceding the dispositional hearing, her long history of alcohol abuse and previous failed attempts at continued sobriety could not be ignored.

Moreover, the children had already spent a significant amount of their young lives in foster care while respondent attempted, without success, to address her dependency. Although they endured five different foster care placements between 2001 and

---

1. Of note, the children had previously spent over 18 months in foster care (between October 1997 and April 1999) as a result of an earlier neglect petition.

2003, they had been with the same foster family for two years as of the hearing.[2] When first placed in this home, they were failing school and quite worrisome (particularly the younger child). At the time of the hearing, however, both children were doing very well in school and both were happy and content. The children felt loved and safe in this stable environment and their foster parents have expressed a desire to adopt them. In short, the evidence at the dispositional hearing clearly demonstrated that, notwithstanding respondent's laudable efforts at maintaining sobriety, terminating her parental rights so as to facilitate the children's adoption by their foster parents was in their best interests (*see e.g. Matter of Vivian OO.*, 34 AD3d 1111, 1114 [2006]; *Matter of Raena O.*, 31 AD3d 946, 948-949 [2006]; *Matter of Thelonius BB.*, 299 AD2d 775, 776-777 [2002]; *Matter of Joshua Ramon C.*, 266 AD2d 37 [1999]). There being no other issue raised by respondent, we therefore affirm.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

2. As of the hearing, they had not seen respondent for almost one year.