■ In the Matter of JAYDE M., a Child Alleged to be Permanently Neglected. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY N., Appellant. (Proceeding No. 1.) In the Matter of HAILEY M., a Child Alleged to be Permanently Neglected. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY N., Appellant. (Proceeding No. 2.) [827 NYS2d 786]—

Mercure, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered March 21, 2006, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of two children, Jayde M. (born in 2001) and Hailey M. (born in 2003). Petitioner took temporary custody of the children shortly after Hailey's birth due to respondent's unsafe home environment and Hailey's inorganic failure to thrive, and the children were placed in the care of foster parents who now wish to adopt them.* In June 2005, petitioner commenced these termination of parental rights proceedings. Following fact-finding and dispositional hearings, Family Court adjudicated Hailey and Jayde to be permanently neglected and determined that the termination of respondent's parental rights was in the children's best interests. Respondent appeals and we now affirm.

Respondent does not dispute that petitioner exercised diligent efforts to encourage and strengthen the parental relationship, the threshold inquiry in a permanent neglect proceeding (see Social Services Law § 384-b [7] [a]; Matter of Raena O., 31 AD3d 946, 947 [2006]). Instead, respondent asserts that petitioner failed to establish by clear and convincing evidence that she failed to "maintain contact with or plan for the future of the child[ren], although physically and financially able to do so" for a period of at least one year following petitioner's assumption of temporary custody (Social Services Law § 384-b [7] [a]). We disagree.

Petitioner presented evidence that although respondent was permitted daily visitation with the children for which petitioner provided transportation, respondent chose to reduce the frequency of her visitation and did not regularly attend scheduled visits. Moreover, respondent failed to correct the conditions that led to the initial removal of the children, refus-

---

* The children's father surrendered his parental rights in a separate proceeding.

ing to cooperate with substance abuse treatment or comply with mental health referrals, despite her admission that petitioner requested that she do so 30 or more times. In addition, respondent failed to take the steps necessary to secure public assistance to support the children. Finally, respondent did not maintain a stable home, moving approximately 20 times after the children were taken into care, living in dirty and inadequate conditions and failing to notify petitioner of her moves on several occasions. Under these circumstances, clear and convincing evidence supports Family Court's finding that respondent permanently neglected the children by failing to realistically plan for their future (*see Matter of Raena O., supra* at 948; *Matter of Andre M.,* 26 AD3d 713, 714 [2006]; *Matter of Elijah NN.,* 20 AD3d 728, 729-730 [2005]).

We further reject respondent's argument that Family Court abused its discretion by terminating her parental rights rather than granting her a suspended judgment (*see* Family Ct Act § 631). "The best interests of the child[ren] are the sole basis for the granting of a suspended judgment and there is 'no presumption that such interests will be promoted by any particular disposition' " (*Matter of Joshua BB.,* 27 AD3d 867, 869 [2006], quoting Family Ct Act § 631; *see Matter of Jeremiah BB.,* 11 AD3d 763, 766 [2004]). At the dispositional hearing here, respondent presented evidence that she had been steadily employed for the majority of the time between the fact-finding and dispositional hearings, finished her GED requirements, completed parenting classes and had seen her psychiatrist. Despite this progress, however, respondent admittedly was not attending substance abuse or mental health counseling, and had not applied for public assistance or obtained stable housing for the children. In addition, the children had bonded with their foster family and were thriving under the foster parents' care. Accordingly, inasmuch as there is a sound and substantial basis for Family Court's determination that it was in the children's best interests to terminate respondent's parental rights in order to free the children for adoption by their foster parents, we will not disturb that determination here (*see Matter of Dessa F.,* 35 AD3d 1096, 1098 [2006]; *Matter of Raena O., supra* at 948; *Matter of Arianna OO.,* 29 AD3d 1117, 1118 [2006]).

We have considered respondent's remaining argument and have found it to be lacking in merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.