■ In the Matter of MAELEE N., a Child Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHANNON O., Appellant. [851 NYS2d 701]—

Kane, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 16, 2007, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent's daughter (born in 2004) was placed in foster care when she was 10 days old. In August 2004, respondent

admitted that she neglected the child. On January 17, 2006, petitioner filed a petition seeking to terminate respondent's parental rights. Following fact-finding and dispositional hearings, Family Court concluded that respondent permanently neglected the child, terminated respondent's parental rights and freed the child for adoption. On respondent's appeal, we affirm.

The record supports Family Court's conclusion that respondent permanently neglected the child. Petitioner proved by clear and convincing evidence that it made diligent efforts to reunite the parent and child by providing, either directly or through referrals, parenting classes, anger management classes, nutrition classes, a parenting aide, transportation, an IQ test, a substance abuse evaluation, counseling, assistance to obtain employment and weekly, three-hour supervised visits at respondent's home (*see* Social Services Law § 384-b [7] [a]; *Matter of Andrew Z.*, 41 AD3d 912, 912 [2007]). Respondent has an average IQ and no identifiable substance abuse problem. She attended anger management classes, some counseling sessions, more than the required number of nutrition classes and two rounds of parenting classes. Despite her completion of all of these classes and weekly assistance from the parenting aide during visitation, respondent did not appear to adequately "benefit from the services offered and utilize the tools or lessons learned in those classes in order to successfully plan for the child's future" (*Matter of Elijah NN.*, 20 AD3d 728, 730 [2005]; *see Matter of Willard L.*, 23 AD3d 964, 966 [2005], *lv denied* 6 NY3d 708 [2006]). Respondent continued to have difficulty with basic parenting tasks and supervision of the child, got angry when corrected and did not maintain a suitable living environment or steady employment after more than two years of appropriate services offered by petitioner (*see Matter of Jayde M.*, 36 AD3d 1168, 1170 [2007], *lv denied* 8 NY3d 809 [2007]; *Matter of Jeremiah BB.*, 11 AD3d 763, 765 [2004]). Giving deference to Family Court's credibility assessments, petitioner proved that respondent failed to adequately plan for her child's future (*see Matter of Willard L.*, 23 AD3d at 966).

Family Court did not abuse its discretion by terminating respondent's parental rights rather than granting her a suspended judgment (*see* Family Ct Act § 631). A court should only grant a parent a suspended judgment—one last chance to reunite with the child—if that disposition is in the child's best interests; there is no presumption favoring the return of the child to the parent at this point (*see Matter of James X.*, 37 AD3d 1003, 1007 [2007]; *Matter of Jayde M.*, 36 AD3d at 1170). In the 10 months between the fact-finding hearing and the

conclusion of the dispositional hearing, respondent lived in four different locations, two of which respondent conceded were unsuitable even for visitation with the child. Respondent did not show any progress in her parenting abilities during that time. While respondent contends that her marriage in August 2006 constitutes a stabilizing factor, in May 2006 she was engaged to a different man, not her current husband, who she then considered her emotional support. On the other hand, the child has bonded with her foster parents, who are willing to adopt her. Thus, the record contains a sound and substantial basis for the court's determination to terminate respondent's parental rights and free the child for adoption (*see Matter of Jayde M.*, 36 AD3d at 1170; *Matter of Willard L.*, 23 AD3d at 966).

Cardona, P.J., Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.